PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2001 Buick LeSabre struck a hole as he was driving on Country Club Road in Fairmont, Marion County. Country Club Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 12:00 p.m. on February 20, 2008. Country Club Road is a paved, two-lane road at the area of the incident involved in this claim. At the time of the incident, claimant was traveling to visit his sisters at a nursing home. Claimant was driving on Country Club Road near the Say-Boy Steak House when his vehicle struck a hole in the road. The hole was approximately eighteen to twenty-two inches in diameter and six to eight inches deep. Since there was oncoming traffic, he was unable to avoid the hole at this location. As a result of this *244 incident, claimant’s vehicle sustained damage to its front, right tire in the amount of $90.10.
The position of the respondent is that it did not have actual or constructive notice of the condition on Country Club Road. Michael Roncone, Highway Administrator for respondent in Marion County, testified that he is familiar with the area where claimant’s incident occurred. He testified that Country Club Road is a two-lane road with yellow center lines and white edge lines. The average daily traffic count on Country Club Road is approximately 4,000 vehicles per day. Mr. Roncone testified that the hole is situated approximately two hundred feet from respondent’s office. Respondent has patched the hole with cold mix during the winter and hot mix after April. According to Mr. Roncone, the hole in this particular area is a recurring problem caused by the water line or a spring located underneath the road. Respondent has notified the City of Fairmont that there is a water leakage problem in this area, but the city claims that this is not a city issue. Mr. Roncone testified that respondent’s Maintenance Assistant is in the process of working with the city to resolve this problem. Mr. Roncone stated that respondent has been monitoring this hole because Country Club Road is a heavily traveled road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location lead the Court to conclude that respondent was aware of the condition on Country Club Road. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $90.10.
Award of $90.10.